LIPMAN & PLESUR, LLP
Robert D. Lipman
lipman@lipmanplesur.com
Lizabeth Schalet
schalet@lipmanplesur.com
David A. Robins
robins@lipmanplesur.com
The Jericho Atrium
500 North Broadway, Suite 105
Jericho, New York 11753-2131
Telephone: (516) 931-0050
Facsimile: (516) 931-0030

*Attorneys for Plaintiffs and Class Counsel*

LAWRENCE W. RADER
larry@lawrader.com
225 Broadway, Suite 400
New York, New York 10007
Telephone: (212) 791-5200
Facsimile: (212) 791-5400

*Attorneys for Defendants*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW PARKER, LATESSA DAVIS,
LINDSAY GONZALES, SHANE HUMMEL,
KAHLIL GIBRAN JACKSON, ALEXANDER
MEISNER, DOMINIQUE PETERSON, NATALIA
RUBIM PRISCO DA CUNHA, JEANETTE
RAVELO, CHRIS REY, TIMOTHY SYPHER and
BONNIE LEE TOZZI, Individually and On Behalf
of All Others Similarly Situated,

                             Plaintiffs,

           v.

JEKYLL AND HYDE ENTERTAINMENT
HOLDINGS, L.L.C., JEKYLL & HYDE, INC.,
JEKYLL AND HYDE CLUB NEW YORK L.L.C.,
THE SLAUGHTERED LAMB PUB NEW YORK
L.L.C., OLIVER'S BAR & GRILL, SHIPWRECK
TAVERN, D.R. FINLEY AND GLEN FALCONE

                             Defendants.
------------------------------------------------------------X
THE HONORABLE JAMES C. FRANCIS, IV
UNITED STATES MAGISTRATE JUDGE

**STIPULATED ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION**

Case No. 08 Civ. 7670 ~~(DSD)~~(JCF)

**ECF CASE**

WHEREAS, Matthew Parker, Latessa Davis, Lindsay Gonzales, Shane Hummel, Kahlil Gibran Jackson, Alexander Meisner, Dominique Peterson, Natalia Rubim Prisco da Cunha, Jeanette Ravelo, Chris Rey, Timothy Sypher and Bonnie Lee Tozzi ("Named Plaintiffs" or "Class Representatives") and Jekyll and Hyde Entertainment Holdings, L.L.C., Jekyll & Hyde, Inc., Jekyll and Hyde Club New York L.L.C., The Slaughtered Lamb Pub New York L.L.C., Oliver's Bar & Grill, Shipwreck Tavern, D.R. Finley and Glen Falcone ("Defendants" or "Jekyll & Hyde Group") have made a joint application to this Court for class certification for purposes of settlement, preliminary approval of such settlement, approval of the form and manner of settlement notice to the class, and other matters; and

WHEREAS, Named Plaintiffs have alleged that they and other current and former Jekyll & Hyde Group employees who worked as "waiters, bartenders, servers, bussers or runners and possibly other titles or in a similarly situated capacity" were owed back wages, including overtime pay for hours worked in excess of 40 in a week under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (collectively, the "NYLL") and also have sought pre-judgment interest and attorneys' fees and costs under the FLSA and NYLL, and liquidated damages under the FLSA only; and

WHEREAS, Defendants expressly deny any allegations of wrongdoing and violations of law alleged in this action, and further deny any liability whatsoever to Plaintiffs or to the Class Members; and

WHEREAS, Named Plaintiffs and their counsel have engaged in extensive discussions and negotiations with Defendants and their counsel and the Court has supervised several mediation and settlement sessions between the parties concerning a resolution of the issues raised in this action; and

WHEREAS, the parties have proposed a settlement of the action, the terms of which are embodied in the Settlement and Release Agreement attached hereto as Exhibit A (the "Settlement Agreement").

**IT IS HEREBY ORDERED:**

1. To the extent defined in the Settlement Agreement attached hereto as Exhibit A, the terms in this Order shall have the meanings set forth therein and to the extent that there are any discrepancies between the terms herein contained (other than dates stated below) and the terms in Exhibit A, the terms of Exhibit A shall control.

2. Pursuant to the Settlement Agreement and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies for settlement purposes only, the following class ("Class"):

> Waiters, Bartenders, Servers, or Bussers employed by Jekyll & Hyde Group at any time during the period from September 3, 2003 through and including September 2, 2008.

3. Pursuant to 29 U.S.C. § 216(b), the Court further conditionally certifies for settlement purposes only the following collective action ("Collective Action," and together with the Class, the "Settlement Class"):

Waiters, Bartenders, Servers, or Bussers employed by Jekyll & Hyde Group at any time during the period from September 3, 2003 through and including September 2, 2008.

4. This Order, which conditionally certifies a Class and Collective Action for settlement purposes only, shall not be cited in any matter for the purposes of seeking a class or collective action notice or certification, or for proof of liability of any sort.

5. The Court hereby preliminarily approves Named Plaintiffs Matthew Parker, Latessa Davis, , Shane Hummel, , Alexander Meisner, Dominique Peterson, , Jeanette Ravelo, Chris Rey, Timothy Sypher and Bonnie Lee Tozzi for settlement purposes only as representatives of the Settlement Class and appoints Lipman & Plesur, LLP as Class Counsel to the Settlement Class.

6. The Court finds that for settlement purposes only the proposed Class Representatives will fairly and adequately protect the interests of the Settlement Class. Their retained Class Counsel has the experience and resources necessary to provide adequate representation of the Settlement Class and meet the requirements of Rule 23(g)(1).

7. The Court preliminarily approves Class Counsel's request for attorneys' fees as set forth in Paragraph 11 of the Settlement Agreement.

8. The Court preliminarily approves Class Counsel's request that the Named Plaintiffs and Opt-In Plaintiff receive an enhancement award as set forth in Paragraph 11 of the Settlement Agreement.

9. The Court preliminarily approves Simpluris, Inc., 3176 Pullman Street, Suite 123, Costa Mesa, California 92626, to act as Claims Administrator for the Settlement Class. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as

administering the Settlement, shall be paid by Jekyll & Hyde Group as set forth in the Settlement Agreement. In accordance with the New York Social Security Protection Law, N.Y. General Business Law § 399-dd, the New York Employee Personal Identifying Law, N.Y. Labor Law § 203-d, , the Court hereby authorizes Jekyll & Hyde Group to disclose to Simpluris, Inc. all personally identifiable information of the Settlement Class Members necessary to facilitate the administration of the settlement.

10. Subject to the receipt and consideration by the Court of any objections to or comments on the Settlement Agreement at the hearing described in Paragraph 19 of this Order, the Court preliminarily finds the Settlement Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Settlement Class. The proposed Settlement falls within the range of possible Settlement approval, was negotiated at arm's length, and is worthy of being presented to the Settlement Class Members for their comments. The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

11. The Court hereby approves the Notice of Pendency of Class Action Settlement (the "Notice") in the form attached as Exhibit "B" to the Settlement Agreement.

12. The Court hereby approves the Claim Form in the form attached as Exhibit "C" to the Settlement Agreement.

13. The Court hereby approves the Request for Exclusion from Class Action Settlement in the form attached as Exhibit "D" to the Settlement Agreement (the "Exclusion Form," and together with the Notice and Claim Form, the "Settlement Notice Packet").

14. The Parties agree that within five (5) business days after entry of this Order, Defendants will provide to the Claims Administrator all of the following information about each

Settlement Class Member in a format acceptable to the Claims Administrator: (1) name, and (2) last known home address, if known. The Claims Administrator will perform address updates and verifications as necessary prior to the first mailing, including running the list through the Post Office and/or Accurint databases for updated addresses.

15. Within twenty (20) business days of the latter of preliminary approval of this settlement or Court approval of Settlement Notice Packet to the class, the Claims Administrator will send Settlement Class Members, by first-class mail, at their last known address, the Court-approved Settlement Notice Packet.

16. The Notice to the Settlement Class, given in compliance with the provisions set forth above, is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

17. Settlement Class Members shall have until December 22, 2009 to file any written objections to the settlement in accordance with Section VIII.C of the Notice (the "Objection Cutoff"). No further objections will be considered after the Objection Cutoff absent exceptional circumstances and Court approval.

18. Within 15 business days of the Objection Cutoff, the parties shall file a proposed final order in support of final Court approval of this settlement.

19. Class Counsel and counsel for Defendants will appear before this Court on January 22, 2010 at 10:00 a.m. for a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

Dated: New York, New York
October 1, 2009

Respectfully submitted,

| LIPMAN & PLESUR, LLP | LAWRENCE W. RADER |
|---|---|
| By: _____ | By: _____ |
| Robert D. Lipman (RL 3564) | Lawrence W. Rader (LR 6594) |
| Lizabeth Schalet (LS 1582) | 225 Broadway |
| David A. Robins (DR 5558) | Suite 400 |
| 500 North Broadway, Suite 105 | New York, New York 10007 |
| Jericho, New York 11753 | Telephone: (212) 791-5200 |
| Telephone: (516) 931-0050 | Fax:         (212) 791-5400 |
| Fax:         (516) 931-0030 | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**SO ORDERED:**

_James C. Francis IV_
The Honorable James C. Francis, IV
United States Magistrate Judge

10/5/09